UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: ___14-cv-22884_____

JEFFREY PAUL,

      Plaintiff,

vs.

MIAMI-DADE COUNTY, a political
Subdivision of the State of Florida,
JEFFREY GRUENDEL and
MICHAEL PHILLIPS,

      Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

      Plaintiff, JEFFREY PAUL, sues the Defendants, MIAMI-DADE COUNTY, a political

subdivision of the State of Florida, JEFFREY GRUENDEL and MICHAEL PHILLIPS, and

states as follows:

**PARTIES**

      1.     At all times material hereto, Plaintiff, JEFFREY PAUL ("PAUL"), was and is a

resident of Miami-Dade County, Florida.

      2.     At all times material hereto, Defendant, MIAMI-DADE COUNTY ("MDC"), was

and is a political subdivision of the State of Florida.

      3.     At all times material hereto, Defendant, JEFFREY GRUENDEL

("GRUENDEL"), was and is a resident of Miami-Dade County, Florida.

      4.     At all times material hereto, Defendant, MICHAEL PHILLIPS ("PHILLIPS"),

was and is a resident of the State of Florida.

## JURISDICTION AND VENUE

5.      This is a cause of action brought pursuant to 42 U.S.C. § 1983 (2013) along with corollary state law claims.

6.      This Court has jurisdiction pursuant to 28 U.S.C § 1331 (2013).

7.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) (2014).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.      On or about April 25, 2013, Plaintiff, PAUL, was shot multiple times by GRUENDEL in Plaintiff's home.

9.      Earlier in the evening of April 25, 2013, PAUL was at his place of employment, a nightclub, where he worked as a deejay.

10.     During his shift, PAUL's brother, who also worked at the club, was handed a cellphone that had been misplaced during the night.  The cellphone was placed in PAUL's brother's pocket.

11.     Nobody claimed the cellphone during PAUL's shift and PAUL's brother left the nightclub and returned to PAUL's home where he resided.

12.     GRUENDEL and PHILLIPS are police officers employed by MDC.

13.     Sometime around 4:30 a.m., GRUENDEL and PHILLIPS met the cellphone's owner at a gas station parking lot.  GRUENDEL and PHILLIPS then tracked the phone to PAUL's residence.

14.     Thereafter, GRUENDEL and PHILLIPS, acting as police officers for MDC, went to PAUL's residence and began yelling and banging on PAUL's residence's side door.

15.     Given the late time of night, PAUL was fearful that he was being robbed.

16.     PAUL, who is licensed to carry a concealed firearm, finally approached the side door of his home while carrying his gun.

17.     GRUENDEL and PHILLIPS did not identify themselves as MDC officers but ordered PAUL to open the door and leave his home.

18.     PAUL advised them the he had a gun but, at the time, did not know that GRUENDEL or PHILLIPS were police officers.

19.     PAUL opened the door slightly, saw that GRUENDEL and PHILLIPS were dressed in police uniform, and was ordered to put down his firearm.

20.     At that time, GRUENDEL grabbed PAUL's door to his home and opened it without a warrant.

21.     While PAUL was complying with GRUENDEL's orders and put down the firearm, GRUENDEL shot PAUL multiple times in his upper back and leg.

22.     PAUL was then airlifted to Ryder Trauma Center and was subsequently arrested and charged with two counts of aggravated assault with a firearm on a law enforcement officer. Those charges were dismissed.

23.     PAUL was also charged the improper exhibition of a firearm, a charge that was not prosecuted.

24.     The injuries PAUL sustained as a result of the shooting initiated by GRUENDEL have been devastating.

25.     Plaintiff complied with § 768.28(6), Fla. Stat., by providing notice to MDC within the time period provided for by statute.  MDC has denied the claim by failing to respond within the 180 days afforded by statute.  As a result, Plaintiff has complied with all conditions precedent necessary to maintain the instant action.

## COUNT I

## CLAIM AGAINST GRUENDEL PURSUANT TO 42 U.S.C. § 1983

## EXCESSIVE FORCE

26.     Plaintiff repeats the allegations of Paragraphs 1-25 as if same were fully set forth herein, and states as follows:

27.     The Fourth Amendment to the U.S. Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

28.     PAUL had a right to avoid being subject to an unreasonable search and seizure by GRUENDEL, an officer with MDC, and he likewise had the right not to be subjected to excessive force by GRUENDEL at the time of that unreasonable search and seizure.

29.     GRUENDEL lacked the requisite legal authority to search PAUL's home when he did not have possession of the cellphone, where there was no evidence that the subject cellphone was stolen, and where GRUENDEL forcibly opened the door to PAUL's home without a warrant.

30.     While the search was de facto unconstitutional, GRUENDEL likewise used excessive force in shooting PAUL who complied with GRUENDEL's request to place his firearm on the ground.

31.     GRUENDEL violated the Fourth Amendment to the U.S. Constitution by acting under the color of law at the time he unlawfully searched PAUL's home and unlawfully used excessive force by shooting PAUL multiple times.

32.     As a direct and proximate result of GRUENDEL's violation of the Fourth Amendment to the U.S. Constitution, Plaintiff has in the past suffered and in the future will continue to suffer, the following damages:

        a.     Bodily injury;

        b.     Pain and suffering;

        c.     Disability;

        d.     Disfigurement;

        e.     Mental anguish;

        f.     Aggravation of a pre-existing condition;

        g.     Lost wages;

        h.     Lost earning capacity

        i.     Loss of the capacity for enjoyment of life; and

        j.     Medical and rehabilitative expenses for his care.

WHEREFORE, Plaintiff demands judgment against GRUENDEL for damages pursuant to 42 U.S.C. § 1983 (2013), reasonable attorney's fees pursuant to 42 U.S.C. § 1988, taxable costs and for any other relief this Court deems just, equitable and proper.

### COUNT II

### CLAIM AGAINST GRUENDEL PURSUANT TO 42 U.S.C. § 1983

### UNREASONABLE SEARCH AND SEIZURE

33.     Plaintiff repeats the allegations of Paragraphs 1-25 as if same were fully set forth herein, and states as follows:

34.     The Fourth Amendment to the U.S. Constitution states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,

shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

35.     PAUL had a right to avoid being subject to an unreasonable search and seizure by GRUENDEL, an officer with MDC.

36.     GRUENDEL lacked probable cause to search PAUL's home when PAUL did not have possession of the cellphone, where there was no evidence that the subject cellphone was stolen, and where GRUENDEL forcibly opened the door to PAUL's home without a warrant.

37.     The search was de facto unconstitutional and led to GRUENDEL unlawfully shooting Plaintiff.

38.     GRUENDEL violated the Fourth Amendment to the U.S. Constitution by acting under the color of law at the time he unlawfully searched GRUENDEL's home.

39.     As a direct and proximate result of GRUENDEL's violation of the Fourth Amendment to the U.S. Constitution, Plaintiff has in the past suffered and in the future will continue to suffer, the following damages:

a.     Bodily injury;

b.     Pain and suffering;

c.     Disability;

d.     Disfigurement;

e.     Mental anguish;

f.     Aggravation of a pre-existing condition;

g.     Lost wages;

h.     Lost earning capacity

i.     Loss of the capacity for enjoyment of life; and

j.      Medical and rehabilitative expenses for his care.

WHEREFORE, Plaintiff demands judgment against GRUENDEL for damages pursuant to 42 U.S.C. § 1983 (2013), reasonable attorney's fees pursuant to 42 U.S.C. § 1988, taxable costs and for any other relief this Court deems just, equitable and proper.

## COUNT III

### FALSE ARREST AGAINST MIAMI-DADE COUNTY

40.      Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-25 as if same were fully set forth herein and further state as follows:

41.      PAUL was unlawfully restrained against his will as a result of the unconstitutional actions taken by GRUENDEL.

42.      As a direct and proximate result of the false arrest, Plaintiff suffered damages including, but not limited to, the cost of legal fees and expenses in conjunction with the necessity to defend the charges brought against him by the state attorney's office.

WHEREFORE, Plaintiff demands judgment against MDC for damages and for any other relief this Court deems just, equitable and proper.

## COUNT IV

### MALICIOUS PROSECUTION AGAINST GRUENDEL

43.      Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-25 as if same were fully set forth herein and further state as follows:

44.      Plaintiff was arrested and charged with the following:  three felonies, aggravated assault against a law enforcement officer with a firearm (both of which were dismissed) and the improper exhibition of a firearm (not prosecuted) as a result of his arrest following GRUENDEL'S illegal search.

45.     GRUENDEL was the legal cause of the criminal proceeding against PAUL.

46.     The criminal proceedings were terminated in favor of PAUL;

47.     There was no probable cause for the criminal charges in the first place;

48.     GRUENDEL acted with malice against PAUL in arresting him and causing the criminal charges to be filed against PAUL.

49.     The entire event leading to the criminal charges against PAUL stemmed from the improper search carried out by GRUENDEL.

50.     The actions undertaken by GRUENDEL were done under color of law and in violation of 42 U.S.C. § 1983 (2013).

51.     As a direct and proximate result of the foregoing, Plaintiff suffered damages including, but not limited to, the cost of legal fees and expenses in conjunction with the necessity to defend the charges brought against him by the state attorney's office.

WHEREFORE, Plaintiff demands judgment against GRUENDEL for damages, attorney's fees pursuant to 42 U.S.C. § 1988, taxable costs and for any other relief this Court deems just, equitable and proper.

## COUNT V

## MALICIOUS PROSECUTION AGAINST MDC

52.     Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-25 as if same were fully set forth herein and further state as follows:

53.     Plaintiff was arrested and charged with three felonies, aggravated assault against a law enforcement officer with a firearm (both of which were dismissed) and the improper exhibition of a firearm (not prosecuted) as a result of his arrest following GRUENDEL'S and PHILLIPS's illegal search.

54.     GRUENDEL was the legal cause of the criminal proceeding against PAUL.

55.     The criminal proceedings were terminated in favor of PAUL;

56.     There was no probable cause for the criminal charges in the first place;

57.     GRUENDEL acted with malice against PAUL in arresting him and causing the criminal charges to be filed against PAUL.

58.     The entire event leading to the criminal charges against PAUL stemmed from the improper search carried out by GRUENDEL.

59.     As a direct and proximate result of the foregoing, Plaintiff suffered damages including, but not limited to, the cost of legal fees and expenses in conjunction with the necessity to defend the charges brought against him by the state attorney's office.

WHEREFORE, Plaintiff demands judgment against MDC for damages, attorney's fees, taxable costs and for any other relief this Court deems just, equitable and proper.

## COUNT VI

## MALICIOUS PROSECUTION AGAINST PHILLIPS

60.     Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-25 as if same were fully set forth herein and further state as follows:

61.     Plaintiff was arrested and charged with the following:  three felonies, aggravated assault against a law enforcement officer with a firearm (both of which were dismissed) and the improper exhibition of a firearm (not prosecuted) as a result of his arrest following GRUENDEL'S illegal search.

62.     PHILLIPS was the legal cause of the criminal proceeding against PAUL.

63.     The criminal proceedings were terminated in favor of PAUL;

64.     There was no probable cause for the criminal charges in the first place;

65.     PHILLIPS acted with malice against PAUL in arresting him and causing the criminal charges to be filed against PAUL.

66.     The entire event leading to the criminal charges against PAUL stemmed from the improper search and seizure carried out by GRUENDEL and PHILLIPS.

67.     The actions undertaken by PHILLIPS were done under color of law and in violation of 42 U.S.C. § 1983 (2013).

68.     As a direct and proximate result of the foregoing, Plaintiff suffered damages including, but not limited to, the cost of legal fees and expenses in conjunction with the necessity to defend the charges brought against him by the state attorney's office.

WHEREFORE, Plaintiff demands judgment against PHILLIPS for damages, attorney's fees pursuant to 42 U.S.C. § 1988, taxable costs and for any other relief this Court deems just, equitable and proper.

## COUNT VIII

## BATTERY AGAINST GRUENDEL

69.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1-25 as if same were fully set forth herein and further allege as follows:

70.     GRUENDEL intended to physically harm PAUL.

71.     GRUENDEL actually harmed PAUL by shooting him multiple times.

72.     As a direct and proximate cause of GRUENDEL's actions, PAUL suffered severe and permanent physical injuries.

73.     As a direct and proximate cause of GRUENDEL's actions, Paul, in the past suffered and in the future will continue to suffer the following:

a.     Bodily injury;

      b.      Pain and suffering;

      c.      Disability;

      d.      Disfigurement;

      e.      Mental anguish;

      f.      Aggravation of a pre-existing condition;

      g.      Lost wages;

      h.      Lost earning capacity

      i.      Loss of the capacity for enjoyment of life; and

      j.      Medical and rehabilitative expenses for his care.

WHEREFORE, PAUL demands damages against GRUENDEL along with an award of attorney's fees, taxable costs and for any other relief this Court deems just, equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this __6th__ day of August 2014,


                        /s/ Brad E. Kelsky
               _____
               BRAD E. KELSKY, ESQ.
               Kelsky Law, P.A.
               1250 S. Pine Island Florida
               Suite 250
               Plantation, FL 33324
               954.449.1400
               Fax:  954.449.8986
               Email:  bradkelsky@kelskylaw.com
               FBN:  0059307