UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-22884-CIV-KING

JEFFREY PAUL,

    Plaintiff,

vs.

MIAMI-DADE COUNTY, a political
Subdivision of the State of Florida, and
JEFFREY GRUENDEL,

    Defendants.
_____/

## AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, JEFFREY PAUL, sues the Defendants, MIAMI-DADE COUNTY, a political subdivision of the State of Florida, and JEFFREY GRUENDEL, and states as follows:

### PARTIES

1. At all times material hereto, Plaintiff, JEFFREY PAUL ("PAUL"), was and is a resident of Miami-Dade County, Florida.

2. At all times material hereto, Defendant, MIAMI-DADE COUNTY ("MDC"), was and is a political subdivision of the State of Florida.

3. At all times material hereto, Defendant, JEFFREY GRUENDEL ("GRUENDEL"), was and is a resident of Miami-Dade County, Florida.

### JURISDICTION AND VENUE

4. This is a cause of action brought pursuant to 42 U.S.C. § 1983 (2013) along with corollary state law claims.

5. This Court has jurisdiction pursuant to 28 U.S.C § 1331 (2013).

Exhibit "A"

6. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) (2014).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. On or about April 25, 2013, Plaintiff, PAUL, was shot multiple times by GRUENDEL in Plaintiff's home.

8. Earlier in the evening of April 25, 2013, PAUL was at his place of employment, a nightclub, where he worked as a deejay.

9. During his shift, PAUL's brother, who also worked at the club, was handed a cellphone that had been misplaced during the night. The cellphone was placed in PAUL's brother's pocket.

10. Nobody claimed the cellphone during PAUL's shift and PAUL's brother left the nightclub and returned to PAUL's home where he resided.

11. GRUENDEL is a police officer employed by MDC.

12. Sometime around 4:30 a.m., GRUENDEL and an Officer Phillips met the cellphone's owner at a gas station parking lot. GRUENDEL and Officer Phillips then tracked the phone to PAUL's residence (but not to PAUL).

13. Thereafter, GRUENDEL and Officer Phillips, acting as police officers for MDC, went to PAUL's residence and began yelling and banging on PAUL's residence's side door. They did not, however, identify themselves as police officers.

14. Given the late time of night, PAUL was fearful that he was being robbed

15. PAUL, who is licensed to carry a concealed firearm, finally approached the side door of his home while carrying his gun.

16. At that time, GRUENDEL and Officer Phillips ordered PAUL to open the door and vacate his home but neither of them identified themselves as MDC officers.

17. PAUL then advised GRUENDEL and Officer Phillips (who still had not identified themselves as police officers) that he had a gun.

18. PAUL then opened the door slightly, saw that GRUENDEL and PHILLIPS were dressed in police uniform, and was ordered by the MDC officers to put down his firearm.

19. GRUENDEL, of his own accord and without PAUL's consent, then grabbed PAUL's door to his home and opened it without a warrant.

20. At the same time, PAUL complied with GRUENDEL's request, bent down to place his firearm on the ground and was then inexplicably shot by GRUENDEL multiple times in the upper back and leg.

21. PAUL was then airlifted to Ryder Trauma Center and was subsequently arrested and charged with two counts of aggravated assault with a firearm on a law enforcement officer. Those charges were dismissed.

22. PAUL was also charged the improper exhibition of a firearm, a charge that was not prosecuted.

23. The injuries PAUL sustained as a result of the shooting initiated by GRUENDEL have been devastating.

24. Plaintiff complied with § 768.28(6), Fla. Stat., by providing notice to MDC within the time period provided for by statute. MDC has denied the claim by failing to respond within the 180 days afforded by statute. As a result, Plaintiff has complied with all conditions precedent necessary to maintain the instant action.

## COUNT I

## CLAIM AGAINST GRUENDEL PURSUANT TO 42 U.S.C. § 1983

## FALSE ARREST

25.     Plaintiff repeats the allegations of Paragraphs 1-24 as if same were fully set forth herein, and states as follows:

26.     The Fourth Amendment to the U.S. Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

27.     PAUL had a right to avoid being subject to an unreasonable search and seizure by GRUENDEL, an officer with MDC, and he likewise had the right not to be subjected to excessive force by GRUENDEL at the time of that unreasonable search and seizure. GRUENDEL's use of deadly force constitutes a seizure under the Fourth Amendment.

28.     GRUENDEL lacked the requisite legal authority to search PAUL's home when PAUL did not have possession of the cellphone, where there was no evidence that the subject cellphone was stolen, and where GRUENDEL forcibly opened the door to PAUL's home without a warrant and without PAUL's consent.   These actions constitute an illegal search.

29.     During the warrantless search, GRUENDEL seized PAUL by using excessive and deadly force in shooting PAUL who had complied with GRUENDEL's request to place his firearm on the ground.

30.     GRUENDEL violated the Fourth Amendment to the U.S. Constitution by acting under the color of law at the time he unlawfully searched PAUL's home and unlawfully seized

PAUL by using deadly and excessive force when he shot PAUL multiple times despite the absence of probable cause.

31.     As a direct and proximate result of GRUENDEL's violation of the Fourth Amendment to the U.S. Constitution, Plaintiff was shot multiple times, suffered extensive injuries and has in the past suffered, and in the future will continue to suffer, the following damages:

      a. Bodily injury;

      b. Pain and suffering;

      c. Disability;

      d. Disfigurement;

      e. Mental anguish;

      f. Aggravation of a pre-existing condition;

      g. Lost wages;

      h. Lost earning capacity

      i. Loss of the capacity for enjoyment of life; and

      j. Medical and rehabilitative expenses for his care.

WHEREFORE, Plaintiff demands judgment against GRUENDEL for damages pursuant to 42 U.S.C. § 1983 (2013), reasonable attorney's fees pursuant to 42 U.S.C. § 1988, taxable costs and for any other relief this Court deems just, equitable and proper.

## COUNT II

## FALSE ARREST AGAINST MIAMI-DADE COUNTY

32. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-24 as if same were fully set forth herein and further states as follows:

33. Section 768.28(9), Fla. Stat., states as follows:

> No officer, employee, or agent of the state or of any of its subdivisions shall be personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property . . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity . . . .

34. PAUL was unlawfully restrained against his will as a result of the unconstitutional actions taken by GRUENDEL in the course and scope of his employment with MDC.

35. GRUENDEL, during the course and scope of his employment with MDC, actually harmed PAUL by shooting him multiple times as a consequence of the illegal search and seizure initiated by GRUENDEL.

36. As a direct and proximate cause of GRUENDEL's actions, PAUL suffered severe and permanent physical injuries during the unlawful restraint of PAUL against PAUL's will.

37. As a direct and proximate cause of GRUENDEL's actions committed in the course and scope of his employment with MDC, Plaintiff, in the past suffered and in the future will continue to suffer the following:

      a.    Bodily injury;

      b.    Pain and suffering;

    c.  Disability;

    d.  Disfigurement;

    e.  Mental anguish;

    f.  Aggravation of a pre-existing condition;

    g.  Lost wages;

    h.  Lost earning capacity

    i.  Loss of the capacity for enjoyment of life; and

    j.  Medical and rehabilitative expenses for his care.

WHEREFORE, PAUL demands damages against MDC along with an award of taxable costs and for any other relief this Court deems just, equitable and proper.

## COUNT III

## BATTERY AGAINST MIAMI-DADE COUNTY

38. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-24 as if same were fully set forth herein and further allege as follows:

39. Section 768.28(9), Fla. Stat., states as follows:

> No officer, employee, or agent of the state or of any of its subdivisions shall be personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property . . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity . . . .

40. GRUENDEL, acting in the course and scope of his employment with MDC, intended to physically harm PAUL.

41. GRUENDEL actually harmed PAUL by shooting him multiple times.

42. As a direct and proximate cause of GRUENDEL's actions, PAUL suffered severe and permanent physical injuries.

43. As a direct and proximate cause of GRUENDEL's actions committed in the course and scope of his employment with MDC, Plaintiff, in the past suffered and in the future will continue to suffer the following:

      a. Bodily injury;

      b. Pain and suffering;

      c. Disability;

      d. Disfigurement;

      e. Mental anguish;

      f. Aggravation of a pre-existing condition;

      g. Lost wages;

      h. Lost earning capacity

      i. Loss of the capacity for enjoyment of life; and

      j. Medical and rehabilitative expenses for his care.

WHEREFORE, PAUL demands judgment against MDC for damages along with an award of attorney's fees, taxable costs and for any other relief this Court deems just, equitable and proper.

## COUNT IV

## FALSE IMPRISONMENT AGAINST MDC

44. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-24 as if same were fully set forth herein, and further alleges as follows:

45. Plaintiff was unlawfully detained and deprived of his liberty against Plaintiff's will.

46. GRUENDEL lacked the legal authority to detain and deprive Plaintiff of his liberty.

47. The deprivation of Plaintiff's liberty was unreasonable and unwarranted under the circumstances.

WHEREFORE, Plaintiff demands judgment against MDC for damages along with an award of taxable costs and for any other relief the Court deems just, equitable and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this __14th__ day of January 2015,

/s/ Brad E. Kelsky

BRAD E. KELSKY, ESQ.
Kelsky Law, P.A.
1250 S. Pine Island Florida
Suite 250
Plantation, FL 33324
954.449.1400
Fax:  954.449.8986
Email:  bradkelsky@kelskylaw.com
FBN:  0059307

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served via CM/ECF this __14th__ day of January 2015 to:

Bernard Pastor, Esq.
Assistant County Attorney
Email: pastor@miamidade.gov
Miami-Dade County Attorney's office
Stephen P. Clark Center
111 N.W. 1st Street
Suite 2810
Miami, FL 33128
305.375.5151
Fax: 305.375.5634

                                          /s/ Brad E. Kelsky
                                          BRAD E. KELSKY
                                          FBN: 0059307