UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22884-CIV-KING/TORRES

JEFFREY PAUL,

    Plaintiff,

v.

MIAMI-DADE COUNTY, a political
Subdivision of the State of Florida, and
JEFFREY GRUENDEL,

    Defendants.
_____/

## MIAMI-DADE COUNTY'S ANSWER AND DEFENSES

Defendant Miami-Dade County ("the County"), pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby files this Answer and asserts the following defenses to Plaintiff's Amended Complaint (DE 22):

## ANSWER

1. The County is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 1.

2. The County admits the allegations in paragraph 2 of the Amended Complaint.

3. The County admits the allegations in paragraph 3 of the Amended Complaint.

4. The County admits that this purports to be an action brought pursuant to 42 U.S.C. 1983, along with state law claims; however, denies that Plaintiff has adequately pled such causes of action.

5. The County admits the allegations in paragraph 5 of the Amended Complaint.

6. The County admits the allegations in paragraph 6 of the Amended Complaint.

7. The County admits the allegations in paragraph 7 of the Amended Complaint.

8. The County is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 8 of the Amended Complaint.

9. The County is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 9 of the Amended Complaint.

10. The County is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 10 of the Amended Complaint.

11. The County admits the allegations in paragraph 11 of the Amended Complaint.

12. The County admits the first sentence contained in paragraph 12 of the Amended Complaint, but denies the remaining allegations.

13. The County admits that Phillips and Gruendel were acting as MDPD police officers, but denies the remaining allegations of paragraph 13 of the Amended Complaint.

14. The County is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 14 of the Amended Complaint.

15. The County admits that Plaintiff was carrying a firearm when he confronted the MDPD officers, but is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 15 of the Amended Complaint.

16. The County denies the allegation of paragraph 16 of the Amended Complaint.

17. The County denies the allegation of paragraph 17 of the Amended Complaint.

18. The County admits that MDPD offices instructed Plaintiff to put down his firearm, but denies the remaining allegations of paragraph 18 of the Amended Complaint.

19. The County denies the allegation of paragraph 19 of the Amended Complaint.

20. The County denies the allegation of paragraph 20 of the Amended Complaint.

21. The County admits the allegations in paragraph 21 of the Amended Complaint.

22. The County admits the allegations in paragraph 22 of the Amended Complaint.

23. The County denies the allegations in paragraph 23 of the Amended Complaint.

24. The County denies the allegations in paragraph 24 of the Amended Complaint.

25. As to paragraph 25 of the Amended Complaint, the County adopts and restates its answers to paragraphs 1 through 24.

26. The allegations of paragraphs 26 through 31 of the Amended Complaint do not pertain to the County, and, as such, a response is unnecessary; otherwise, denied.

27. As to paragraph 32 of the Amended Complaint, the County adopts and restates its answers to paragraphs 1 through 24.

28. As to paragraph 33 of the Amended Complaint, the County asserts that the law speaks for itself.

29. The County denies the allegations in paragraph 34 of the Amended Complaint.

30. The County denies the allegations in paragraph 35 of the Amended Complaint.

31. The County denies the allegations in paragraph 36 of the Amended Complaint.

32. The County denies the allegations in paragraph 37 of the Amended Complaint.

33. As to paragraph 38 of the Amended Complaint, the County adopts and restates its answers to paragraphs 1 through 24.

34. As to paragraph 39 of the Amended Complaint, the County asserts that the law speaks for itself.

35. The County denies the allegations in paragraph 40 of the Amended Complaint.

36. The County denies the allegations in paragraph 41 of the Amended Complaint.

37. The County denies the allegations in paragraph 42 of the Amended Complaint.

38. The County denies the allegations in paragraph 43 of the Amended Complaint.

39. As to paragraph 44 of the Amended Complaint, the County adopts and restates its answers to paragraphs 1 through 24.

40. The County denies the allegations in paragraph 45 of the Complaint.

41. The County denies the allegations in paragraph 46 of the Complaint.

42. The County denies the allegations in paragraph 47 of the Complaint.

43. Defendants demand a trial by jury on all issues so triable.

## **DEFENSES**

1. The Amended Complaint should be dismissed because Plaintiff's claims against Miami-Dade County fail to state a claim upon which relief could be granted.

2. Plaintiff's claims fails to state a cause of action upon which relief can be granted because the Amended Complaint makes no reference to any specific acts or omissions on the part of Miami-Dade County that caused or contributed to harm to Plaintiff.

3. The amount of force used in this case was reasonable under the circumstances because the Miami-Dade County police officers reasonably believed the force was necessary to defend themselves or others from death and/or bodily harm during the incident.

4. Miami-Dade County police officer(s) had probable cause, or arguable probable cause, to use deadly force against Plaintiff, and the officer(s) reasonably believed that such force was necessary to prevent imminent death or great bodily harm to themselves or another or to prevent the imminent commission of a forcible felony.

5. Miami-Dade County police officer(s) were justified in using force against Plaintiff because Plaintiff—through his own conduct—posed an immediate and dangerous threat to the safety of the officer(s) and others during the course of the parties' interaction.

6. The police officers were justified in seizing and controlling Plaintiff because Plaintiff, through his conduct, posed an immediate threat to the police officer and the safety of others.

7. Any force used by the police officer to seize or arrest Plaintiff was merely incidental to a lawful arrest and therefore Plaintiff's claims relating to such force are barred.

8. Plaintiff's claims against Miami-Dade County are barred because the police officers had probable cause to detain and arrest Plaintiff.

9. Plaintiff's own negligence legally caused or contributed to any injuries he sustained, and any recovery is therefore barred and reduced accordingly.

10. The sole cause of the incident alleged in the Complaint was the negligence of parties outside the control of Miami-Dade County.

11. To whatever extent any or all of the Plaintiff's damages were caused in whole or in part by the tortious acts or omissions of persons or entities not party to this action, they must be so apportioned pursuant to <u>Fabre v. Marin</u>, 623 So.2d 1182 (Fla. 1993).

12. Plaintiff failed to mitigate damages so his claims are barred or must be reduced accordingly.

13. Insofar as Plaintiff has received compensation for damages from collateral sources, any damage award against Miami-Dade County should be reduced accordingly.

14. Miami-Dade County is immune from suit for acts or omissions resulting from planning-level decisions, policy making, or other sovereign immunity for which Miami-Dade County cannot be held liable. Plaintiff's claims against Miami-Dade County are barred to the extent they challenge discretionary functions of the County for which the County has not waived its sovereign immunity.

15. Plaintiff's claims are barred by the discretionary function doctrine, the public duty doctrine, and principles of sovereign immunity to the extent Plaintiff seek to sue Miami-Dade County for the police officers' use of their lawful discretion in determining whether to make an arrest when probable cause is present or in determining the amount of force necessary to

respond to a quickly developing and dangerous situation. Because the police had probable cause to arrest Plaintiff, they had discretion to arrest Plaintiff and to use force in doing so. Likewise, the police officers had discretion in how to deal with a dangerous situations and the County cannot be sued for these discretionary decisions.

16. The claim against Miami-Dade County is barred because Plaintiff's claim arises from alleged injuries sustained by Jeffrey Paul during his commission or attempted commission of a forcible felony. Accordingly, Miami-Dade County is entitled to reasonable attorney's fees to be paid in equal amounts by the Plaintiff and Plaintiff's counsel pursuant to FLA. STAT. 776.085(4)(b).

17. Alternatively, Miami-Dade County is entitled to sovereign immunity under FLA. STAT. 768.28(9)(a) if the Plaintiff is able to prove every allegation in the Amended Complaint—whether applicable to Miami-Dade County or not.

18. Plaintiff's claims are barred, and Officer Gruendel's actions were legally justified, by section 776.012(2) of the Florida Statutes because Officer Gruendel reasonably believed that his use of force was necessary to prevent imminent death or great bodily harm to himself and others and/or to prevent the imminent commission of a forcible felony.

19. Plaintiff's recovery, if any, is limited by the provisions of Florida Statutes Section 768.28(5).

44. Plaintiff's claims are barred by sovereign immunity because Plaintiffs have failed to comply with the notice requirements of section 768.28(6) of the Florida Statutes.

20. Plaintiff has failed to comply with the provision of Florida Statutes Section 768.28(7) requiring service of process upon the State Department of Financial Services.

21. Miami-Dade County is entitled to a set-off for all insurance or other proceeds received by Plaintiff for any alleged injuries or alleged damages, as well as for the costs incurred by the County in this federal proceeding.

22. Miami-Dade County reserves the right to assert additional defenses as appropriate.

WHEREFORE, Miami-Dade County respectfully requests that this Court dismiss the claims against it with prejudice and/or enter judgment in its favor; that the Court award its attorney's fees, litigation expenses, and costs, in accordance with applicable federal and state law; and that the Court award the County other relief as the Court deems proper and equitable.

RESPECTFULLY SUBMITTED,

R. A. CUEVAS, JR.
MIAMI-DADE COUNTY ATTORNEY
Stephen P. Clark Center
111 Northwest First Street, Suite 2810
Miami, FL 33128

By: /s/ *Bernard Pastor*
 Bernard Pastor
 Assistant County Attorney
 Florida Bar No. 0046582
 Telephone: (305) 375-5151
 Facsimile: (305) 375-5611
 Email:  pastor@miamidade.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List via email and transmission of Notices of Electronic Filing generated by CM/ECF

/s/ *Bernard Pastor*
Bernard Pastor
Assistant County Attorney

## SERVICE LIST

*Paul v. Miami-Dade County, et al.,*
Case No. 14-22884-Civ-King

| | |
|---|---|
| Brad E. Kelsky, Esq. | Bernard Pastor, Esq. |
| Kelsky Law, P.A. | e-mail: pastor@miamidade.gov |
| email: bradkelsky@kelskylaw.com | Miami-Dade County Attorney's Office |
| 1250 S. Pine Island Florida | Stephen P. Clark Center |
| Suite 250 | 111 N.W. 1st Street, Suite 2810 |
| Plantation, Florida | Miami, Florida 33128 |
| Telephone: (954) 449-1400 | Tel:   (305) 375-5151 |
| Facsimile: (954) 449-8986 | Fax:  (305) 375-5634 |
| Counsel for Plaintiff | Attorney for Defendants |
| ***Served by Notice of Electronic Filing*** | ***No Service Made*** |